IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| PAMELA SUE HANNAN | § | |
| v. | § | CIVIL ACTION NO. 6:21cv466 |
| | | (Crim. No. 6:19cr56) |
| UNITED STATES OF AMERICA | § | |

SUPPLEMENTAL REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

      The Petitioner Pamela Hannan, a former inmate of the Federal Correctional Institution in Pekin, Illinois proceeding *pro se*, filed this motion to vacate or correct her sentence under 28 U.S.C. §2255 complaining of the legality of her confinement. The motion was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

      On May 17, 2022, the Court issued a Report recommending dismissal of a portion of Movant's claims. A copy of this Report was sent to Movant at her last known address, return receipt requested, but was returned as undeliverable, with the notation that Movant was no longer there. To date, Movant has not notified the Court of her mailing address or current whereabouts.

      A district court may dismiss an action for failure of a litigant to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); Fed. R. Civ. P. 41(b). Such a dismissal may be done *sua sponte* and appellate review is confined to whether the district court abused its discretion in dismissing the action. *Id.*, citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89 (1962). Movant's failure to prosecute her case is demonstrated by her failure to apprise the Court of her mailing address or current whereabouts. Movant has not contacted the Court in any way since filing her motion to vacate or correct sentence on December 3, 2021. *See Callier v. Cain*, civil action no. 3:11cv2144, 2012 U.S. Dist. LEXIS

1

93830, 2012 WL 2602958 (W.D.La., June 6, 2012), *Report adopted at* 2012 U.S. Dist. LEXIS 93835, 2012 WL 2674595 (W.D.La., July 3, 2012) (stating that "indeed, the evidence suggests that he no longer wishes to pursue this matter since he has not contacted the court since he submitted his *in forma pauperis* application on January 25, 2012, some four months ago").

Dismissal with prejudice for failure to prosecute or to obey an order of the Court is an extreme sanction which should be employed only when "the plaintiff's conduct has threatened the integrity of the judicial process [in a way which] leav[es] the Court no choice but to deny that plaintiff its benefit." *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988), *citing Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982). A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals, and dismissals without prejudice, among other lesser measures, prior to dismissing an action with prejudice. *McNeal*, 842 F.2d at 793.

Movant's failure to notify the Court of her mailing address or current whereabouts is not an action which threatens the judicial process, rendering dismissal with prejudice unwarranted. The imposition of fines and costs is not appropriate given the status and nature of this case. Movant was convicted in May of 2021, meaning that her petition would now be barred by limitations should she try to refile it - thus rendering a dismissal effectively with prejudice.

In *United States v. Bevill*, slip op. no. 18-10708, 2021 WL 4995478 (5th Cir., October 27, 2021), a §2255 motion to vacate or correct sentence was dismissed for failure to prosecute, with the dismissal effectively being with prejudice because of the statute of limitations. The movant sought relief under Fed. R. Civ. P. 60(b) within his deadline for appealing the dismissal, but the district court denied it. The Fifth Circuit found this was an abuse of discretion and reversed the denial of the Rule 60(b) motion.

In the interest of justice, the Court has determined that Movant's motion to vacate or correct sentence should be dismissed without prejudice, with the proviso that a Rule 60(b) motion filed within a reasonable time should receive favorable consideration with respect to setting this judgment of dismissal aside and allowing Movant to proceed on the merits of her case. Having received a 24-

month sentence in May of 2021, Movant's sentence should expire in May of 2023; thus, filing a motion under Rule 60(b) or otherwise indicating that she wishes to proceed with her case by the end of May, 2023, should be considered "within a reasonable time."

## RECOMMENDATION

It is accordingly recommended that the above-styled motion to vacate or correct sentence be dismissed without prejudice for failure to prosecute. It is further recommended that a motion to alter or amend judgment or a motion for relief from judgment filed within a reasonable time should receive favorable consideration with respect to setting aside this judgment of dismissal so as to give Movant ample opportunity to proceed on the merits of her claims and avoid a dismissal based on failure to prosecute being effectively with prejudice.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

So ORDERED and SIGNED this 14th day of October, 2022.

K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE